| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>TRUSTEES OF THE NEW YORK CITY<br>DISTRICT COUNCIL OF CARPENTERS<br>PENSION FUND, WELFARE FUND,<br>ANNUITY FUND, AND APPRENTICESHIP,<br>JOURNEYMAN RETRAINING,<br>EDUCATIONAL AND INDUSTRY FUND,<br>TRUSTEES OF THE NEW YORK CITY<br>CARPENTERS RELIEF AND CHARITY<br>FUND, THE NEW YORK CITY AND<br>VICINITY CARPENTERS LABOR-<br>MANAGEMENT CORP., and THE NEW<br>YORK CITY DISTRICT COUNCIL OF<br>CARPENTERS,<br><br>      Plaintiffs,<br><br>   -v-<br><br>INTERIOR CINEMA INC.,<br><br>      Defendant.<br>------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: October 4, 2017<br><br><br>17-cv-6530 (KBF)<br><br>MEMORANDUM<br>OPINION & ORDER |

KATHERINE B. FORREST, District Judge:

  Before the Court is plaintiffs' motion to confirm an arbitration award against defendant in the amount of $9,557.80 plus interest. (ECF No. 1.) Despite ample opportunity to do so, defendant has not responded, moved against, or otherwise responded to plaintiffs' petition. Accordingly, the Court treats plaintiffs' petition as

an unopposed motion for summary judgment.  For the reasons explained below, the Court hereby GRANTS plaintiffs' petition to confirm the arbitration award in full.

I. BACKGROUND

Plaintiffs are: (1) trustees and fiduciaries of multi-employer management trust funds (the "Funds") organized and operated under the Employee Retirement Income Security Act of 1974 ("ERISA"); (2) trustees of a charitable organization organized under Section 501(c)(3) of the Internal Revenue Code; (3) a not-for-profit corporation; and (4) a labor union representing employees under Section 501 of the Labor Management Relations Act of 1947 ("LMRA").  (Pet. to Confirm an Arbitration Award ("Pet.") ¶¶ 4-7, ECF No. 1.)  Defendant is a New York corporation and employer under Section 501 of the LMRA.  (Id. ¶ 8.)

On or around October 1, 1998, defendant executed an agreement with the United Brotherhood of Carpenters and Joiners of America (the "International Agreement").  (Id. ¶ 9; International Agreement, ECF No. 1-1.)  Pursuant to the International Agreement, defendant is also bound by an Independent Building Construction Agreement (the "CBA"), which requires defendant to make contributions to the Funds at predetermined rates and times.  (Pet. ¶¶ 10-11; see generally Independent Building Construction Agreement ("CBA"), ECF No. 1-2.)  Under the CBA, in the event of "any dispute or disagreement . . . between the parties . . . either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder[.]"  (Pet. ¶ 13; CBA at 43.)  The CBA also provides that in the event a court renders judgment in favor of the Funds, the employer is

2

required to pay: (1) unpaid contributions; (2) interest (calculated at prime rate of Citibank plus two percent); (3) the greater of interest (as previously calculated) or 20% liquidated damages; (4) reasonable attorney's fees and costs; and (5) other legal or equitable relief as deemed appropriate. (Pet. ¶ 14; CBA at 42-43.)

The instant action concerns whether defendant has made the required contributions. Following an audit of defendant's contributions covering the period October 1, 2013 through September 30, 2016, which revealed certain delinquencies, plaintiffs initiated arbitration by serving a "Notice of Hearing" on March 15, 2017 and June 6, 2017. (Id. ¶ 16.) An arbitration hearing was held before Roger E. Maher on June 22, 2017, but defendant did not appear. (Id. ¶ 17; Op. and Default Award of Arbitrator ("Arbitration Op.") at 1-2, ECF No. 1-4.) Based on the evidence produced by plaintiffs at the hearing, the arbitrator found in favor of the plaintiffs in the amount of $9,557.80, with interest to accrue at the rate of 5.75% from the date of the award, which was June 26, 2017. (Op. and Default Award of Arbitrator at 2-3.) To date, defendant has not paid any portion of the award. (Pet. ¶ 20.)

On August 28, 2017, plaintiffs filed the instant action pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Defendant was served on August 31, 2017, but has, again, not appeared. (ECF No. 10.) On August 31, 2017, this Court directed defendant to respond to plaintiffs' petition not later than Friday, September 29, 2017. (ECF No. 8.) Defendant was served with that order on September 5, 2017. (ECF No. 9.) Defendant has not filed a response.

II.   LEGAL PRINCIPLES

   A. <u>Confirmation of Arbitration Award</u>

The Second Circuit has held that "default judgments in confirmation/vacatur proceedings are generally inappropriate." <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 109 (2d Cir. 2006). Because "[a] motion to confirm . . . an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself . . . the judgement the court enters should be based on the record." <u>Id.</u> Accordingly, an unopposed motion to confirm an arbitration award and accompanying record should be treated "as akin to a motion for summary judgment based on the movant's submissions." <u>Id.</u>

It is well-established that "judicial review of an arbitration award is narrowly limited." <u>Barbier v. Shearson Lehman Hutton Inc.</u>, 948 F.2d 117, 120 (2d Cir. 1991); <u>see also</u> <u>Oxford Health Plans LLC v. Sutter</u>, 133 S. Ct. 2064, 2068 (2013) ("Under the FAA, courts may vacate an arbitrator's decision only in very unusual circumstances.") (internal quotation omitted). "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]'" <u>D.H. Blair</u>, 462 F.3d at 110 (quoting <u>Florasynth, Inc. v. Pickholz</u>, 750 F.2d 171, 176 (2d Cir. 1984)). An award can only be vacated when one of four circumstances is found to exist, namely: (1) the award was procured by corruption or fraud; (2) the arbitrator was partial or corrupt; (3) the arbitrator engaged in misconduct resulting in prejudice; or (4) the arbitrator exceeded his powers. <u>Barbier</u>, 948 F.2d at 120-21; 9 U.S.C. § 10.

4

B. Summary Judgment Standard

Summary judgment may be granted when a movant shows, based on admissible evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In reviewing a motion for summary judgment, the Court construes all evidence in the light most favorable to the nonmoving party, and draws all inferences and resolves all ambiguities in its favor. Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010). The Court's role is to determine whether there are any triable issues of material fact, not to weigh the evidence or resolve any factual disputes. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

A court may not grant summary judgment merely because a motion is unopposed. See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004); see also Fed. R. Civ. P. 56(e) (stating that when a non-moving party fails to oppose a summary judgment motion, "summary judgment, if appropriate, shall be entered against" him) (emphasis added). Instead, the Court must examine record to determine if the moving party "has met its burden of demonstrating that no material issue of fact remains for trial." See Vermont Teddy Bear, 373 F.3d at 244 (quoting Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)). Even an unopposed motion for summary judgment fails "where the undisputed facts

5

fail to 'show that the moving party is entitled to judgment as a matter of law.'" Id. (quoting Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)).

III. DISCUSSION

Plaintiffs filed the instant petition to confirm an arbitration award on August 28, 2017 (ECF No. 1), and per this Court's order dated August 31, 2017, defendant's response was due not later than September 29, 2017. (ECF No. 8.) Because defendant has not filed an opposition or otherwise responded or appeared in this action, plaintiffs' petition is properly considered as an unopposed motion for summary judgment.[1] See D.H. Blair, 462 F.3d at 109.

Based on its review of plaintiffs' petition and the documents attached thereto, the Court concludes that there are no triable issues of material fact, and that plaintiffs are entitled to judgment as a matter of law. The undisputed evidence demonstrates that: (1) defendant is bound by the terms of the International Agreement and the CBA; (2) the CBA provides for arbitration of disputes regarding the employer's contributions to the Funds (CBA at 43-44); (3) plaintiffs duly initiated arbitration concerning defendant's delinquent contributions (Notice of Hearing, ECF No. 1-3); (4) an arbitration hearing was held on June 22, 2017 (Arbitration Op. at 1); and (5) on June 26, 2017, the arbitrator issued an award in favor of plaintiffs in the amount of $9,557.80, with interest to accrue at an annual rate of 5.75%, and damages are therefore readily ascertainable from the pleadings

---

[1] The Court additionally notes that the defendant did not appear during the underlying arbitration. (Arbitrator Op. at 1-2.)

6

(Arbitration Op. at 2-3). There is absolutely no evidence that the arbitrator's award was the result of fraud, corruption, misconduct, or any of the other impermissible grounds set out in 9 U.S.C. § 10. Accordingly, the arbitrator's award is confirmed in all respects.

Plaintiffs' petition further requests (1) judgment in the aggregate amount of $645 for attorney's fees and costs arising out of this action; and (2) post-judgment interest at the statutory rate. Per the express terms of the CBA, plaintiffs' request for attorney's fees and costs is justified and therefore GRANTED. (CBA at 42.) Plaintiffs are also entitled to post-judgment interest, which is awarded as a matter of course for any civil money judgment. See 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.") As such, plaintiffs' request for post-judgment interest is GRANTED.

IV. CONCLUSION

For the reasons stated above, plaintiffs' petition to confirm the arbitration award (ECF No. 1), which this Court considers an unopposed motion for summary judgment, is GRANTED in full. Accordingly, it is hereby ORDERED that:

1. The June 26, 2017 arbitration award is confirmed in all respects. The Clerk of Court is accordingly directed to enter judgment in favor of plaintiffs and against defendant in the amount of **$9,706.86** ($9,557.80, plus $149.06 in interest)[2].

---

[2] The Court applied an annual interest rate of 5.75% (per the arbitration award) up until the date of this judgment. The statutory post-judgment interest rate shall apply from the date of this judgment forward.

2. The Clerk of Court is directed to enter judgment in favor of plaintiffs and against defendant in the amount of **$645** for attorney's fees and costs arising out of this action.

3. Defendant shall pay post-judgment interest on the total award of **$10,351.86** at the applicable rate set out in 28 U.S.C. § 1961. Such interest shall accrue from the date of this order.

The Clerk of Court is directed to terminate this action.

Dated: New York, New York
October 4, 2017

_____
KATHERINE B. FORREST
United States District Judge